UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**FELICIA THOMAS**                                                **NO. 3:13-CV-0779**

**VERSUS**                                                        **JUDGE ROBERT JAMES**

**LOWE'S HOME CENTERS, INC.**                                     **MAG. JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the Court, on reference from the District Court, is a Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 20], filed by Defendant Lowe's Home Centers, Inc. For the reasons set forth below, it is recommended that the Motion be **DENIED**.

## Background

On April 15, 2013, Plaintiff Felicia Thomas filed the instant suit against Defendant alleging that she was subjected to race and sex discrimination while in Defendant's employ. [doc. # 1]. Plaintiff further alleges that Defendant terminated her employment in retaliation for her complaints of disparity in treatment. *Id.* at 3. Plaintiff brings these allegations pursuant to Title VII of the Civil Rights Act of 1964 and pursuant to LA. REV. STAT. ANN. §§ 23:332, 23:964, and 23:967. *Id.*

On December 10, 2013, Defendant filed the instant Motion to Dismiss arguing that Plaintiff failed to exhaust her administrative remedies prior to filing suit and failed to give adequate notice of her claims. [doc. # 20]. With regard to Plaintiff's Title VII claims, Defendant asserts that Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [doc. # 20-1, p. 1]. In support, Defendant avers:

On December 18, 2012, the U.S. Equal Employment Opportunity Commission

> ("EEOC") issued a Notice of Charge of Discrimination.[1] No Charge accompanied that Notice. The box next to Title VII of the Civil Rights Act was checked on that Notice.[2] Also checked on that form was the box indicating that no further action was required by [Defendant] at that time.[3] Less than a month later, on January 16, 2013, the EEOC issued a Notice of Rights to Plaintiff, and on April 15, 2013, Plaintiff filed the above-captioned lawsuit. . . .[4] At no point prior to the filing of Plaintiff's Complaint did [Defendant] ever receive detailed notice of the discrimination alleged by Plaintiff . . . .

[doc. # 20-1, p. 5]. According to Defendant, it is clear that Plaintiff never filed a charge of Discrimination because the EEOC never served Defendant with a charge. *Id.* at 7. Defendant states that the only notice of Plaintiff's claims that it received came in the form of an intake questionnaire that the EEOC sent. *Id.* However, the EEOC sent the questionnaire to Defendant only after the instant suit was filed and only after Defendant sent a freedom of information request to the EEOC. *Id.* As a result of Plaintiff's failure to give notice, Defendant argues that it was improperly denied the opportunity to pursue any administrative remedy. *Id.* at 9.

With regard to Plaintiff's state law claims, Defendant asserts that Plaintiff failed to give detailed notice of her discrimination claims and failed to attempt to resolve her claims. *Id.* at 12-13; *see* LA. REV. STAT. ANN. § 23:303(C).

In response, Plaintiff argues that she did file a formal charge with the EEOC. [doc. # 24, p. 1]. Although Plaintiff has not produced the purported charge, she does provide circumstantial evidence for its existence by pointing to three documents: a Notice of Charge of Discrimination,

---

[1] [doc. # 1-1].

[2] *Id.*

[3] *Id.*

[4] Plaintiff referenced this document in ¶ 10 of her Complaint.

2

a Dismissal And Notice of Rights, and an EEOC Case Log. *Id.* For instance, the Notice of Charge of Discrimination states that "a charge of employment discrimination has been filed against your organization [i.e. Defendant] . . . ." [doc. # 1-1]. The Dismissal and Notice of Rights states that "the EEOC is closing its file on this Charge . . . ." [doc. # 20-3]. All three documents provide an EEOC Charge number. [doc. #s 1-1; 20-3; 24-2].[5] Aside from the circumstantial evidence, and of utmost importance, Plaintiff's Complaint states that she did indeed file a charge with the EEOC. [doc. # 1, p. 2].

In addition, Plaintiff argues that Defendant's alleged non-receipt of the charge does not necessarily indicate that no formal charge was filed. [doc. # 24, p. 1]. According to Plaintiff, charges are drafted by the EEOC and, consequently, if "no formal charge was ever drafted, this is an error in procedure not to be imputed to Plaintiff." *Id.* at 2.

The matter is now before the Court.

---

[5] The Court references these documents without converting the Motion into a Motion for Summary Judgment. When considering a motion to dismiss, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. "The Court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion." *Wilson v. Lockheed Martin Corp.*, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003). Here, the Notice of Charge of Discrimination, Dismissal and Notice of Rights, and EEOC Case Log are all part of the EEOC administrative record—a public record. *See Chadwick v. Layrisson*, 1999 WL 717628, at *2 (E.D. La. Sept. 13, 1999); *Carter v. Target Corp.*, 2012 WL 4867719, at *3 (W.D. La. Oct. 12, 2012), *vacated on other grounds by Carter v. Target Corp*, 2013 WL 5509164, (5th Cir. Oct. 4, 2013); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n. 1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."). Accordingly, this Court takes judicial notice of the three documents—not for the truth of the matters alleged therein, but merely for purposes of determining whether Plaintiff has sufficiently alleged exhaustion.

## Law and Analysis

### A. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where the claimant fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re S. Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008).

### B. Title VII Exhaustion

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc*. 296 F.3d 376, 378-379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996). A Title VII plaintiff

exhausts administrative remedies when she files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id.* In a "deferral state" such as Louisiana,[6] the Title VII plaintiff must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. July 28, 2000) (unpubl.). Once the plaintiff has exhausted administrative remedies by presenting her claim to the EEOC and receiving a right to sue letter, she must file suit in federal court within 90 days of receipt of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) (complaint that fails to allege or excuse exhaustion of administrative remedies is subject to dismissal).

Further, a charge of discrimination must be filed "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC's regulations also require a charge to be written, signed, and verified. 29 C.F.R. §§ 1601.9, 1601.3(a). This requirement is designed to protect employers from the filing of frivolous claims. *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982). In addition, to be

---

[6] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir. 1988). The Louisiana Commission on Human Rights has been operating since April 1994, making Louisiana a deferral state since that time. LA. REV. STAT. ANN. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct. 1997); G. Huffman, *The Louisiana Commission on Human Rights-- Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. Sept. 30, 2004).

sufficient, a charge "should contain . . . [t]he full name and address of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a). A sufficient charge will "identify the parties, and [ ] describe generally the [complained of] action or practices." *Id.* § 1601.12(b). In general, employment charges are construed "with the 'utmost liberality'" because they are often prepared by laymen. *Price*, 687 F.2d at 77 (quoting *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981)). However, some courts have found that "'[t]he leniency accorded a layman in drafting the EEOC charge should not be extended to an attorney.'" *Fassbender v. Treasure Chest Casino*, 2008 WL 170071, at *6 (E.D. La. Jan. 16, 2008) (quoting *Cannon v. St. Paul Fire & Marine Ins. Co.*, 2005 WL 1107372, at *1 n. 1 (N.D. Tex. May 5, 2005)).

Here, the essential issue is whether Plaintiff filed a charge of discrimination with the EEOC, thereby exhausting her administrative remedies.[7] Quite simply, Defendant argues that Plaintiff did not file a charge and Plaintiff argues that she did. As it stands, the Court cannot determine, based on the pleadings and associated documents available for review, whether Plaintiff has filed a charge or not. However, in light of Plaintiff's minimal pleading burden, the Court cannot say that Plaintiff has failed to allege facts that would plausibly support her averment that she filed a charge of discrimination with the EEOC.

The averment in Plaintiff's Complaint is sufficient to withstand Defendant's Motion to Dismiss. Because this issue is before the Court on a Motion to Dismiss, the Court must accept

---

[7] It is undisputed that Plaintiff received a statutory notice of right to sue. [*See* doc. # 20-3].

6

the factual allegations in the Complaint as true. Therefore, despite Defendant's evidence and argument to the contrary, the Court is obligated to accept Plaintiff's averment and it would thus be improper to dismiss Plaintiff's claims at this juncture.

Moreover, the averment in the Complaint sufficiently complies with Federal Rule of Civil Procedure 9(c). Rule 9(c) provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c). In that vein, the Fifth Circuit has held that filing a timely charge of discrimination with the EEOC is a "precondition to filing suit in district court." *Cruce v. Brazosport Ind. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 (1982)). Here, Plaintiff's averment that she filed a charge of discrimination and received a notice of right to sue, [doc. # 1, p. 2], is sufficient to withstand Defendant's Motion. *See EEOC v. Klingler Electric Corp.*, 636 F.2d 104 (5th Cir. 1981) (in employment discrimination suit against employer, plaintiff's allegation stating no more than "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled" was sufficient); *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 521 (S.D. Tex. 2012) (general pleading by EEOC that all conditions precedent had been met was adequate for pleading purposes in employment discrimination action against employer). *But see McIlwain v. Korbean Int'l. Inv. Corp.*, 896 F. Supp. 1373, 1384 (S.D.N.Y. 1995) (reasoning that Rule 9(c) does not apply in an employment discrimination case). Accordingly, as Defendant has not established that Plaintiff's Complaint fails "to state a claim upon which relief can be granted," Defendant's Motion, with respect to Plaintiff's Title VII claims, should be **DENIED**.

**C. Plaintiff's State Law Claims**

Defendant seeks dismissal of Plaintiff's state law discrimination claims for failure to give notice and for failure to make a good faith effort to resolve the dispute. Louisiana law provides that "[a] Plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action. LA. REV. STAT. ANN. § 23:303(C). Federal courts applying Louisiana law have held that filing an EEOC charge of discrimination satisfies Section 303's requirements.[8] *See, e.g., Johnson v. Harrah's Entm't, Inc.*, 2005 WL 3541139, *4 (E.D. La. Nov. 16, 2005); *Dorgan v. Foster*, 2006 WL 2067716, *5 (E.D. La. July 21, 2006) (citing *Dunn v. Nextel So. Corp.*, 207 F. Supp. 2d 523, 524 (M.D. La. 2002); *Brown v. Menszer*, 2000 WL 1228769, at *2 (E.D. La. Aug. 23, 2000); *Malakoff v. Alton Ochsner Med. Fd.*, 2000 WL 805232, at *2 (E.D. La. June 20, 2000). This Court agrees.

Here, because the Court must find, for purposes of this Motion, that Plaintiff filed a charge of discrimination with the EEOC, the Court must likewise find that Plaintiff satisfied the requirements in Section 303. Accordingly, it is recommended that Defendant's Motion to Dismiss, with respect to Plaintiff's state law claims, be **DENIED**.[9]

---

[8] The state claims will be limited to the alleged discrimination detailed in the EEOC charge. *Johnson v. Hosp. Corp of Am.*, 767 F. Supp. 2d 678, 700 (W.D. La. 2011). However, this caveat is of no moment here because the averments in Plaintiff's Complaint, which the Court must accept as true, state that her EEOC charge detailed all of the discriminatory events that underlie her state law claims. [*See* doc. # 1, p. 2].

[9] The undersigned's recommended disposition does not preclude Defendant from re-urging the exhaustion issue via summary judgment motion following discovery, provided, of course, that there are no genuine issues of material fact. *See Lewis v. City of Ruston, Louisiana*,

**Conclusion**

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion to Dismiss, [doc. # 20], filed by Defendant Lowe's Home Centers, Inc. be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of January 2014.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

2008 WL 2674040 (W.D. La. Jul. 7, 2008) (employer required to demonstrate through competent summary judgment evidence that plaintiff failed to exhaust administrative remedies) (citing *White v. Goodyear Tire*, 96 F.3d 1444, 1996 WL 512054 (5th Cir. Aug. 26, 1996) (unpubl.)).